# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD LEE DAVIS,<br><br>        Petitioner,<br><br>    v.<br><br>A.J. MALFI,<br><br>        Respondent. | Case No. CV 20-10978-JVS (JEM)<br><br>ORDER SUMMARILY DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

## **INTRODUCTION**

On November 25, 2020, Kennard Lee Davis ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. On December 3, 2020, the case was transferred to this Court. On December 21, 2020, Petitioner filed a first amended petition ("FAP").

In this action, Petitioner is not challenging the validity of his underlying conviction or sentence; those claims are pending in another action before the Court, Kennard Lee Davis

v. A.J. Malfi, CV 06-4744-JVS (JEM) ("First Habeas Action"). Rather, Petitioner is asking the Court to "reinstate and/or reappoint [him] back to competency status." (FAP at 5.)[1]

The FAP fails to state a cognizable habeas claim and should be dismissed with prejudice for lack of jurisdiction.

**FIRST HABEAS ACTION**

On May 9, 2002, in Los Angeles County Superior Court case number NA045302, a jury convicted Petitioner of two counts of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). The jury found that Petitioner had six prior "strike" convictions under California's Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), six prior serious felony convictions (Cal. Penal Code § 667(a)(1)), and served six prior prison terms (Cal. Penal Code § 667.5(b)). On December 6, 2002, the trial court sentenced Petitioner to state prison for a term of fifty years to life plus fifteen years. (Respondent's Lodged Documents filed in the First Habeas Action ("LD") 1 at 2, 4; 2 Clerk's Transcript at 36-37, 274, 336-37.)

Petitioner appealed and filed various petitions in the state courts collaterally attacking his conviction, all of which were denied. (LD 1-8, 11-19.)

On July 25, 2006, Petitioner constructively filed both a petition for writ of habeas corpus and a first amended petition for writ of habeas corpus in the First Habeas Action. On May 8, 2007, the district court dismissed the action without prejudice as a mixed petition containing unexhausted claims.

Petitioner appealed, claiming that it was error to dismiss First Habeas Action without first holding a competency hearing. On August 17, 2009, the Ninth Circuit issued a memorandum opinion reversing the judgment and remanding the matter for a competency hearing.

---

[1] Petitioner also has filed three motions asking the Court to "reappoint and/or reinstate Petitioner back to competency status based on removal of forced involuntary psychotropic medication order" (Docket Nos. 18-20) and four requests for judicial notice attaching documents from cases he has filed in other courts (Docket Nos. 13-15, 17).

Upon remand, Petitioner was appointed counsel. On July 21, 2011, a competency hearing was held. After the hearing, the Court determined that Petitioner was incompetent and appointed a guardian ad litem.

On March 21, 2012, Petitioner filed a second amended petition ("SAP"), which sets forth approximately sixteen claims challenging the validity of Petitioner's conviction. The Court also granted Petitioner's motion to stay the First Habeas Action to allow him to exhaust state remedies.

On March 16, 2015, the Court dismissed the action with prejudice as untimely and granted in part Petitioner's request for a certificate of appealability.

On February 1, 2018, the Ninth Circuit issued a memorandum opinion vacating the judgment and remanding for further proceedings. The Ninth Circuit determined that the first amended petition in the First Habeas Action was filed one day after the statute of limitations expired and remanded the matter for a determination whether Petitioner was diligent for purposes of equitable tolling.

On April 6, 2018, the Court ordered Respondent to file an answer to the SAP addressing Petitioner's claims on the merits, Petitioner's diligence in pursuing his federal claims, and the need for an evidentiary hearing regarding Petitioner's diligence.

On June 29, 2018, Respondent filed an answer to the SAP. Petitioner's reply is presently due in June 2021.

Petitioner is currently incarcerated pursuant to the state court judgment at issue in the First Habeas Action.

**DISCUSSION**

I. **DUTY TO SCREEN**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the FAP should be summarily dismissed.

**II.     THE FIRST AMENDED PETITION SHOULD BE DISMISSED**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to state a habeas claim, the petitioner must challenge the validity of the fact or duration of his confinement. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . .") (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)); Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (habeas is the proper vehicle where the prisoner "seeks either immediate release from prison, or the shortening of his term of confinement"). Claims that "would not necessarily lead to [a prisoner's] immediate or earlier release from confinement" do not fall within "the core of habeas corpus" and fail to confer habeas jurisdiction on the court. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

Here, Petitioner's sole claim is that he should be "reinstate[d] and/or restore[d] back to competency status." (FAP at 5.) He does not challenge the validity of his confinement; those claims are being litigated in the First Habeas Action. Even if Petitioner were to prevail on his claim here, it would not lead to his immediate or earlier release from custody. Accordingly, the FAP fails to state a cognizable habeas claim and should be dismissed with prejudice for lack of jurisdiction.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the FAP is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: February 23, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE